(6)

1   **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

FILED

2   Name: L  Sermeno          Larry          OCT 12 2016

3        *(Last)*              *(First)*           *(Middle Initial)*
        SUSAN Y. SOONG
        CLERK, U.S. DISTRICT COURT
4   Prisoner Number: AM2420     NORTHERN DISTRICT OF CALIFORNIA

5   Institutional Address: SATF F1A-3-1ᵁ, P.O. Box G244,

    Corcoran, CA 93212

7   _____

8
9                    **UNITED STATES DISTRICT COURT**

                    **NORTHERN DISTRICT OF CALIFORNIA**

10  Larry A. Sermeno              PR CV16    5894

    *(Enter your full name.)*

11

12                  vs.                          Case No. _____
                                                 *(Provided by the clerk upon filing)*
13  Oklahoma Dpt. of Corrections et al.,
                                                 **COMPLAINT UNDER THE**
    Debbie Aldridge, Warden,                     **CIVIL RIGHTS ACT,**
14                                               **42 U.S.C. § 1983**
    M.B.C.C. et. al.
15  *(Enter the full name(s) of the defendant(s) in this action.)*   EDL

    + Jury Trial Demanded
    + Expeditious Review Requested
16  + Preliminary/Injunction Requested
    + Monetary Damages Requested

    **I. Exhaustion of Administrative Remedies.**

18  **Note:**  *You must exhaust available administrative remedies before your claim can go*
           *forward. The court will dismiss any unexhausted claims.*

19

20  A.    Place of present confinement  SATF  _____  _____

21  B.    Is there a grievance procedure in this institution?    YES ☑     NO ☐

22  C.    If so, did you present the facts in your complaint for review through the grievance

23        procedure?    YES ☐     NO ☑

24  D.    If your answer is YES, list the appeal number and the date and result of the appeal at each

25        level of review. If you did not pursue any available level of appeal, explain why.

26           1. Informal appeal:  Was granted correspondence — see
27        attached documents "Introduction", initial pages
28        of each ground, and exhaustion section

    PRISONER COMPLAINT (rev. 8/2015)
    *Page 1 of 3*

2. First formal level: _Same as "1"_

3. Second formal level: _Same as "1"_

4. Third formal level: _Same as "1"_

E.   Is the last level to which you appealed the highest level of appeal available to you?

YES ☐   NO ☐   _Same as "1"_

F.   If you did not present your claim for review through the grievance procedure, explain why.
_Same as "1"_

## II.   Parties.

A.   Write your name and present address.  Do the same for additional plaintiffs, if any.
_Larry A. Sermeno, SATF F1A-3-1U, P.O. Box 5244, Corcoran, CA 93212_

B.   For each defendant, provide full name, official position and place of employment.
_Joe M. Allbaugh, Interim Director, Oklahoma Department of Corrections_

_Debbie Aldridge, Warden, Mabel Bassett Correctional Center, McLoud, OK_

**III. Statement of Claim.**

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See attached documents

**IV. Relief.**

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes. See attached page "Prayer For Relief"

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 10/7/16
_____
Date

_____
Signature of Plaintiff

PRISONER COMPLAINT (rev. 8/2015)
Page 3 of 3

# Prayer For Relief

Petitioner prays the Court;

(1) Enjoin defendants from utilizing the prison regualtion to deny legal and/or regular correspondence

(2) Order defendants to bring the prison regulation up to constitutional standards

(3) Award attorney, and other fees to plaintiff

(4) Declare what plaintiff's rights are under the Constitution pertaining to the issues raised in this complaint

(5) Order telephonic appearances for plaintiff for all hearings necessary pursuant to 42 U.S.C. §1997e(f)(1)

(6) Order expeditious review and proceedings up to trial unless oth-

MC–275

Name: Larry A. Sermeno

Address: SATF E1A-3-7u

P.O. Box 5244

Corcoran, CA 93212

CDC or ID Number: AM2420

District Court of Oklahoma

County of Pottawatomie

(Court)

---

Petitioner

Larry A. Sermeno et al.

vs.

Respondent

Debbie Aldridge - Warden Mabel Ba-

sset Correctional Center et al.

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

(To be supplied by the Clerk of the Court)

Immediate Action Required

Evidentiary Hearing Required

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

---

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal and you are an attorney, file the original and 4 copies of the petition and, if separately bound, 1 set of any supporting documents (unless the court orders otherwise by local rule or in a specific case). If you are filing this petition in the Court of Appeal and you are *not* represented by an attorney, file the original and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

---

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court (as amended effective January 1, 2007). Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

---

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2010]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
*www.courtinfo.ca.gov*

MC–275

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [✓] Jail or prison conditions
- [ ] Other *(specify):* _____

- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: _Larry A. Sermeno_

2. Where are you incarcerated? _CSATF_

3. Why are you in custody?   [✓] Criminal conviction   [ ] Civil commitment

   *Answer items a through i to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   b. Penal or other code sections: _____

   c. Name and location of sentencing or committing court: _Butte County Superior Court, One Court Street, Oroville, CA 95965_

   d. Case number: _CM035385_

   e. Date convicted or committed: _____

   f. Date sentenced: _____

   g. Length of sentence: _____

   h. When do you expect to be released? _____

   i. Were you represented by counsel in the trial court?   [✓] Yes   [ ] No   *If yes, state the attorney's name and address:*

4. What was the LAST plea you entered? *(Check one):*

   [ ] Not guilty   [ ] Guilty   [✓] Nolo contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [ ] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial   _N/A_

---

# Introduction

Petitioner is currently litigating in California, and was, at the time, that the issues, in this's petition arose. Petitioner needed/needs legal advice and information from Amber Hilberling, a woman prisoner in the custody of the Oklahoma Department of Corrections ("ODOC"). In order to correspond with Ms. Hilberling, petitioner is required, under the California Code of Regulations, Title 15, Division 3 ("15 C.C.R."/"Title 15"), to fill out a CDCR 1074 "Request for Correspondence Approval" and send it to his Correctional Counselor I ("CCI") for approval, who will then approve or deny the correspondence approval request and forward it to his/her supervisor for review of their decision to approve or deny the correspondence request. Once a decision has been made by their supervisor, they must forward the correspondence approval request to the institution where "Inmate #2" (the intended recipient of mail) is housed, for a supervisor to approve or deny the correspondence request. If the supervisor approves the request, both inmates can begin sending mail to each other. If the re-

1  quest is denied, in general, each inmate
2  must pursue the administrative appeal
3  process at their respective institutions.
4
5      In this particular case, Petitioner
6  was approved for correspondence with
7  Amber Hilberling by the California Depart-
8  ment of Corrections and Rehabilitation ("CD-
9  CR," and therein, his CCI and her super-
10 isor at Correctional Training Facility ("CTF")
11 The Oklahoma institution where Ms. Hilb-
12 erling is housed denied the correspondence
13 approval request. Petitioner was denied on
14 the basis of "immediate family only," without
15 an accompanying rule, policy, regulation, or
16 other authority. Petitioner does not believe
17 that Ms. Hilberling filed an administrative
18 appeal at her institution, of the decision
19 to deny correspondence approval request. Nonethe-
20 less, Petitioner brings two Constitutional
21 issues surrounding the denial of the cor-
22 espondence approval request to this Court. If/
23 should the Court were to decide one or
24 both of the issues in Petitioner's favor,
25 it would void the decision of the ODOC
26 institution, and allow Petitioner correspondence
27 with Amber Hilberling, to satisfy the
28 First and 14th Amendments (U.S. Constitution).

# Governing Standards

## I.

### Petitioner Has A Constitutional Right To Access To Courts, Petition The Government, and Communication By Way Of Prisoner Advice

The First Amendment rights of prisoners, as articulated by the United States Supreme Court, come in various forms. The relevant forms in this case are access to the courts, petition the government, and communication. Particularly in this case, is legal advice/information from a prisoner to present claimed violations of fundamental constitutional rights, to the Courts. Under the Utah Court's precedents, Petitioner has a federal right to obtain legal advice/inform-ation from a prisoner to satisfy the First Amendment.

In Shaw v. Murphy (2001) 532 U.S. 223, 231 n.3, the Utah Court stated "under our right-of-access precedents, inmates have a right to retain legal advice from other inmates... when it is necessary means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental

constitutional rights to the courts." (quoting Lewis v. Casey, 518 U.S. 343, at 350-51 (1996) (quoting Bounds v. Smith 430 U.S. 817, at 825 (1977)).

In Johnson v. Avery (1968) 393 U.S. 483, the High Court made clear that prisoners have a right to assist each other with legal drafting of documents for inmates to exercise their rights to the access of courts. The Court relied in part on Ex Parte Hull (1941) 312 U.S. 546. It is clearly established that Petitioner has a fundamental constitutional right to access the courts, petition the government, and communication by way of legal advice/information from Ms. Hilberling.*

## II.

The Prison Regulation Denying Correspondence Is Invalid Because It Is Not Reasonably Related To Legitimate Penological Interests

In Turner v. Safley, 482 U.S. 78, 89-91, the United States Supreme Court held that when a prison regulation impinges on inmates constitutional rights,

*Also see, 15 C.C.R. §§3004.2(c), 3163, and 3270. Petitioner requests that the Court understand Petitioner's presentation of the "governing standard" to be in alignment to the regulations cited above.

the regulation is valid if it is reasonably related to legitimate penological interests. In determining the reasonableness of a regulation, the Court cited four factors to be considered.

First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it. The logical connection must not be so remote as to render the policy arbitrary or irrational. And, where First Amendment rights are implicated, the governmental objective must avoid viewpoint discrimination.

Second, the reasonableness of the prison regulation will be affected by whether there are alternative means of exercising the right that remain open to prison inmates. Greater deference will be accorded officials when such alternatives are available.

Third, the impact accomodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally,

should be taken into account. The ripple effect on others may provide a dispositive reason for sustaining administrative discretion.

Finally, the absence of ready alternatives is evidence of the reasonableness of the[5] a prison regulation. If the claimant can articulate an alternative that fully accomodates the prisoner's rights at de minimis cost to valid penological interests, a Court may consider that as evidence that the regulation does not satisfy the reasonable (relationship standard.

## III.

ODOC/MBCC Has/Have An Unconstitutional Policy/Practice/Custom/Procedure To Deny Correspondence Approval Attributable To The Director/Interim and The Warden

In order for a petitioner to plead that a single incident of unconstitutional activity violated a Federal Constitutional right as a policy/practice/custom/procedure, "proof of a single incident of unconstitutional activity... under Monell... includes proof that it was caused by

1  an existing, unconstitutional policy[is] municipal
2  policy, which policy can be attributed to
3  a municipal policymaker." City of Oklahoma
4  v. Tuttle (1985) 471 U.S. 808, 823-24; Also
5  see Monell v. New York City Dept. of Social
6  Services (1978) 436 U.S. 658. +

8      The unconstitutional policy that
9  Petitioner alleges, is constitutionally deficient
10 in having a legitimate penological inter-
11 est and equally protecting Petitioner, Amber
12 Hilberling, and taxpayers, following within
13 Tuttle and Monell.

+For precedent on allowing a petitioner to use civil rights/constitutional viol-
ations on habeas corpus see: City of Boerne v. Flores (1997) 521 U.S. 507; Emplo-
yee Division v. Smith (1990) 494 U.S. 872; Miller v. Reed (4th Cir. 1999) 176 F.3d
1202, 1207; Thomas v. Anchorage (4th Cir. 1999) 165 F.3d 692, 700 n.6 (hybrid
rights, mandates scrict scrutiny); Also see Hayward v. Brown (2009) 173 led2d 920,

926 (State Courts are fully competent to adjudicate federal claims)

MC–275

6. **GROUNDS FOR RELIEF**

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "The trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page 4. For additional grounds, make copies of page 4 and number the additional grounds in order.)*

ODOC./Debbie Aldridge-Warden Has An Unconstitutional Regulation, of Denying Communication, Access To Court, and Right To Petition The Government In Violation of The First Amendment

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

On or around February 16th, 2016 Petitioner sent a "Request For Correspondence Approval" to his Correctional Counselor I S. Dunaven, for approval to correspond with Amber Hilberling (O.D.O.C.#672250). On or around that day, correspondence was approved by Dunaven, and thereafter the Facility Captain R. Santiago. The Deputy Warden of Mabel Bassett Correctional Center (MBCC) denied correspondence approval citing "Immediate family only," on March 8th, 2016. Petitioner brings this petition challenging the regulation as unconstitutional under the First Amendment,

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Turner v. Safely (1987) 482 U.S. 78, 89 ; Shaw v. Murphy (2001) 532 U.S. 223; First Amendment (U.S. Const.)- Communication, Access To Court, Petition the Gov.; Standard Minimum Rules For Treatment of Prisoners; Johnson v. Avery (1968) 393 U.S. 483; Ex parte Hull (1941) 312 U.S. 546; 18 U.S.C.§§ 241-42

and within that, not satisfying the prongs set in Turner v. Safely that would satisfy the State's interests.

The Oklahoma Department of Corrections, and Warden Debbie Aldridge, have no legitimate penalogical interest in denying correspondence between Petitioner and Ms. Amber Hilberling. There are no gang affiliations between either of them, and only allowing "immediate family" denies free speech/communication. The staff did not cite any other valid reason or purpose for denying communication that [is] constitutionally mandated to be allowed.

Nothing in the denial of correspondence stated a legitimate safety, security, or administrative concern of the MBCC/O.D.O.C. Since the Deputy Warden effectively set in stone, the basis of the State of Oklahoma's/ODOC's litigation, the MBCC Warden/Deputy Warden have shown that there is no legitimate safety, security, or administrative concern. There is no harm in allowing legal correspondence between both Petitioner and Ms. Hilberling, nor regular correspondence. Both, Petitioner and Ms. Hilb-

erling are entitled to their Federal Constitutional rights to Communicate under the First Amendment to the U.S. Constitution, and thereafter Access To The Courts and Petition the Government by way of that Communication, on this prong of the Turner test.

Nothing in the denial of correspondence stated that there was or was not a less restrictive means to allow communication/correspondence between Petitioner and Ms. Hilberling. Petitioner contends that it should be presumed that there is a less restrictive means, if the Warden /Deputy Warden cannot/did not state a legitimate need for the restrictive nature of the denial. This especially makes sense under these particular circumstances, because there is a less restrictive means—simply allow correspondence between Petitioner and Ms. Hilberling. If it is presumed that there was not a less restrictive means for correspondence, that would be overcome by the fact that there is a simple and less restrictive means to allow communication between Petitioner and Ms. Hilberling—which is to simply allow correspondence.

As stated for prong one/the First prong explanation, there are no legitimate safety, security, or administrative concerns for the MBCC, so the restriction on correspondence, whether presumed that there was or was not a less restrictive means to allow correspondence, is unconstitutional under the First Amendment. Petitioner contends that he and Ms. Hilberling are entitled to their federal Constitutional rights to Communicate, Access To The Courts, and Petition The Government by way of that Communication, on this prong of the Turner test.

Nothing in the denial of correspondence, shows that allowing Petitioner and Ms. Hilberling to communicate would cause an undue hampering of prison resources, nor could it be. Prisoners are constitutionally entitled to writing supplies also under the First Amendment, so the MBCC would expend no more than it already is required to under its First Amendment obligation. Furthermore, the MBCC administration would not be doing any more work than it is required to. Lastly, it is believed that Ms. Hilberling

purchases her own writing supplies, saving the prison money, and even contributing to the prison resources. Petitioner contends that he and Ms. Hilberling are entitled to their Federal Constitutional rights to Communicate, Access To The Courts, and Petition the Government by way of that Communication, on this prong of the Turner test.

Nothing in the denial of correspondence shows that prison staff would be unduly distracted/taken away from their regular assigned positions/places within the prison, or that allowing correspondence between Petitioner and Ms. Hilberling would significantly effect staff or prisoners in any way. The issue of correspondence is under the present circumstances is of little to no interest or effect on staff or prisoners. Staff and prisoners would continue their regular routines everyday should this petition be granted. Petitioner contends that he and Ms. Hilberling are entitled to their Federal Constitutional rights to Communicate, Access To The Courts, and Petition The Government by way of that Communication, on this prong of the Turner test

Lastly, nothing in the denial of correspondence would set precedent for MBCC prisoners to "flood the ~~ad's~~ MBCC administration with litigation" or otherwise "open the floodgates to litigation." The correspondence issue under the present circumstances is of little to no interest to MBCC prisoners, at least directly. The little interest that there may be is due to correspondence of MBCC/ODOC prisoners being denied correspondence for the same reason as Petitioner. Should the Court grant the petition, MBCC/ODOC prisoners, and even members of the public, will be able to communicate with each other without an unconstitutional impediment. The most that the prison administration would face, would be granting requests for correspondence and forwarding carbon copies where they need to go. Petitioner contends that he and Ms. Hilberling are entitled to their federal Constitutional rights, to Communicate, Access To The Courts, and Petition the Government by way of that Communication, on the /this last prong of the Turner test.

The Turner Court emphasized, "

1  prison walls do not form a barrier se-
2  parating prison inmates from the protect-
3  ions of the Constitution." Turner v. Saf-
4  ley, 482 U.S. 78, 84 (1987). Accordingly, Petitioner
5  has First Amendment rights and 14th Amen-
6  dment rights that cannot be impeded me-
7  rely because he is a prisoner, especially
8  since the regulation/rule/policy/custom/practice
9  that is being used is invalid to begin
10 with. The staff of ODOC/MBCC are
11 not using a regulation that satisfies
12 the Turner test, or they are otherwise
13 not explaining how the regulation satisfies
14 the Turner test/or how the prongs
15 set out in Turner tip in their favor
16 /show a legitimate penological interest.

MC–275

7. Ground 2 or Ground _____ *(if applicable):*

ODOC/MBCC Has/Have An Unconstitutional Policy/Practice/Custom/Procedure That Denies First Amendment rights(see Ground 1), and Equal Protection under the 14th Amendment (U.S. Const)

a. Supporting facts:

The Director/Interim Director of the ODOC, and Debbie Aldridge, Warden of MBCC, are official policymakers of the ODOC, and MBCC.

On or around February 16th, 2016, Petitioner sent his Correctional Counselor I S. Dunaven a "Request For Correspondence Approval." It was granted on the aforementioned date, and approved by the Facility Captain P. Santiago on March 25th February 25th, 2016.

On March 8th, 2016, the Deputy Warden denied correspondence approval citing "immediate family only."

Presumably, the Deputy Warden was

b. Supporting cases, rules, or other authority:

U.S. Const.-14th Amend-Equal Protection Clause; City of Oklahoma v. Tuttle (1985) 471 U.S. 808; Monell v. N.Y.C. Dept. of Social Services (1978) 436 U.S. 658; Supremacy Clause of the U.S. Constitution; 18 U.S.C. §§ 241 - 242

following Oklahoma's prison regulation(s) for prisoner correspondence

The prison regulation denying correspondence ~~is at~~ unless someone is "immediate family," is unconstitutional under the First Amendment to the U.S. Constitution, and the Equal Protection Clause under the 14th Amendment to the U.S. Constitution

The prison regulation denying correspondence unless someone is "immediate family" is used as a policy/practice/custom/procedure, to deny individuals their First Amendment and 14th Amendment rights to the U.S. Constitution

The ODOC and MBCC have a policy/practice/custom/procedure of using the prison regulation denying correspondence unless someone is "immediate family," to deny correspondence to individuals in violation of the ~~Fiss~~First and 14th Amendments to the U.S. Constitution

The ODOC and MBCC have been, and are using, an unconstitutional prison regulation in conjunction with an uncon-

stitutional policy/practice/custom/procedure to deny correspondence unless someone is ~~and's~~ "immediate family," in violation of the First and 14th Amendments to the U.S. Constitution

The ODOC and MBCC have used the unconstitutional prison regulation in conjunction with the unconstitutional policy/practice/custom/procedure to deny correspondence between Petitioner and Ms. Hilberling in violation of the First and 14th Amendments to the U.S. Constitution

The ODOC and MBCC are using the unconstitutional prison regulation in conjunction with the unconstitutional policy/practice/custom/procedure to deny correspondence between Petitioner and Ms. Hilberling in a continuing manner, in violation of the First and 14th Amendments

The ODOC and MBCC have used, and are using the unconstitutional prison regulation, independently, and in conjunction with the unconstitutional policy/practice/custom/procedure in a manner that does not satisfy the test set out in Turner v. Safley

The Director/Interim Director, and Warden of MBCC/Deputy Warden of MBCC, as official policymakers have participated in, directed, and failed to prevent constitutional violations of Petitioner's First and 14th Amendment rights by authorizing the use of the unconstitutional prison regulation, independently, and in conjunction with, the unconstitutional policy/practice/custom/procedure to deny Petitioner and Ms. Hilberling correspondence or otherwise deny Petitioner correspondence with Ms. Hilberling.

The Director/Interim Director and MBCC Warden have discriminately applied the already discriminate's/nate regulation, independently, and in conjunction with, the unconstitutional policy/practice/custom/procedure, by allowing the "Dr. Phil" show to correspond with Ms. Hilberling, around late 2015 to early 2016 sometime.

The unconstitutional prison regulation, independently, and in conjunction with, the unconstitutional policy/practice/custom/procedure denies Petitioner, Amber Hilberling, and The People of the United States, as a whole, their First and 14th Amendment rights.

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes  ☐ No    If yes, give the following information:

   a.  Name of court ("Court of Appeal" or "Appellate Division of Superior Court"): _____

   b.  Result: _____    c.  Date of decision: _____

   d.  Case number or citation of opinion, if known: _____

   e.  Issues raised:  (1) _____

                (2) _____

                (3) _____

   f.  Were you represented by counsel on appeal?  ☐ Yes  ☐ No    If yes, state the attorney's name and address, if known:

   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No    If yes, give the following information:

   a.  Result: _____    b.  Date of decision: _____

   c.  Case number or citation of opinion, if known: _____

   d.  Issues raised:  (1) _____

                 (2) _____

                (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

N/A

11. Administrative review:

   a.  If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500.)  Explain what administrative review you sought or explain why you did not seek such review:

Petitioner did not have to exhaust any remedies because - his request for correspondence approval was granted/approved by his CCI and the supervisor of his CCI. Amber Hilberling did not exhaust remedies, as far as Petitioner is aware. The ODOC administrative appeal system is unavailable to Petitioner. The CDCR 602 appeal system

   see *Woodford v. Ngo (2006)* 548 U.S. 81 *Williams v. Paramo (9th Cir. 2015)*

   b.  Did you seek the highest level of administrative review available?  ☐ Yes  ☐ No    775 F.3d 1182

     *Attach documents that show you have exhausted your administrative remedies.* 731

does not allow for the appeal of an administrative appeals decision of another state's department of corrections. CDCR does not supply administrative appeal forms and/or rules and regulations for other state's departments of corrections, or else Petitioner would have pursued available/obtainable remedies to exhaust the ODOC's administrative appeal process.*

Since Ms. Hilberling was unknowing that Petitioner was requesting/had requested correspondence approval, there was no reasonable expectation that she would appeal the denial for correspondence approval. (She did not really know Petitioner alot/at all, but whether she corresponded with Petitioner was her choice to make, not the ODOC's/MBCC's. Had Ms. Hilberling somehow been aware that Petitioner was attempting to seek legal information and advice from her, its very likely she would have appealed the denial by MBCC for correspondence approval.

As explained above, the ODOC's administrative appeal system is unobtainable. CDCR does not supply ODOC administrative

*See, e.g., Rosenfield v. Malcolm, 65 C2d 559, 566 (the mere possession by some official body of a continuing supervisory or investigatory power does not itself suffice to afford an administrative remedy unless the statute or regulation under which that power is exercised establishes clearly defined machinery for the submission, evaluation, and resolution of complaints by aggrieved parties)

1  appeal forms, rules, or regulations. There was
2  absolutely no way for Petitioner to appeal
3  the administrative decision denying Petitioner
4  correspondence approval for Ms. Hilberling.*
5
6         Even though Petitioner explains
7  why he could not exhaust ODOC adminis-
8  trative appeal remedies, he nonetheless con-
9  tends that since he is alleging the
10 prison regulation to be unconstitutional, as
11 well as the policy/practice/custom/procedure
12 in using the prison regulation to deny
13 Petitioner, Amber Hilberling, and The People of
14 the United States their First and 14th
15 Amendment rights as stated in this
16 petition, he does not have to exhaust.
17 Should the Court find that the ODOC's
18 /MBCC's prison regulation is invalid/uncon-
19 stitutional, the Warden/Deputy Warden's
20 decision will be void, showing that they
21 never had any lawful authority to deny
22 correspondence to begin with, at least for
23 that basis/reasoning of "immediate family
24 only."
25
26         The ODOC's/MBCC's prison regulat-
27 ion is seemingly "underground"* in nature,
28 along with its policy/practice/custom/procedure

* See Williams v. Paramo (9th Cir. 2015) 775 F.3d 1182; Hilao v. Estate of Ma-
rcos (9th Cir. 1996) 103 F.3d 767, 778 n.5; see 5 U.S.C. §500 et. seq.

implementing/applying the unconstitutional
prison regulation!* Even if it was passed
by the Oklahoma Administrative Procedures
Act, the Oklahoma Legislature and Office
of Administrative Law passed a regulation
that exceeded/exceeds their authority) under's
and discriminates under the U.S. Constit-
ution's Equal Protection Clause under the
14th Amendment. Since it's the prison
regulation may be being applied using an
"underground" policy/practice/custom/procedure, Petit-
ioner does not have to exhaust remedies.

Accordingly, Petitioner respectfully
req's quests that the Court waive the
exhaustion requirement, or at least order
service on respondent(s) to say what
remedies are available to Petitioner

*See 5 U.S.C §500 et. seq.

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes *If yes, continue with number 13.* ☐ No *If no, skip to number 15.*

13. a.  (1) Name of court: _____

   (2) Nature of proceeding (for example, "habeas corpus petition"): _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result *(attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   b.  (1) Name of court: _____

   (2) Nature of proceeding: _____

   (3) Issues raised: (a) _____

   (b) _____

   (4) Result *(attach order or explain why unavailable):* _____

   (5) Date of decision: _____

   c.  *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

   N/A

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   The delay is due to petitioner's transfer to SATF, SATF's retainment of his property, and there

16. Are you presently represented by counsel? ☐ Yes ☑ No   *If yes, state the attorney's name and address, if known:*

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes ☐ No   *If yes, explain:*
   In the California State Courts and federal Eastern District Court

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
   This is the proper court

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____   ▶ _____
(SIGNATURE OF PETITIONER)

Attachment 15

after the CDCR officers taking a
large quantity of Petitioners documents (legal)
in CTF's receiving and release, then
in SATF's receiving and release. On
top of all of that Petitioner has
alot of litigation that was going
on, and is still going on, in the
California state courts, and federal
Eastern District Court in Sacramento,
California.

Exhibit 1

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
REQUEST FOR CORRESPONDENCE APPROVAL
CDCR 1074 (REV. 08/08)

| FR: Shawn Hatton | TO: Debbie Aldridge |
|---|---|
| TITLE: Warden | TITLE: Warden |
| INSTITUTION/ PAROLE REGION: Correctional Training Facility | INSTITUTION/ PAROLE REGION: Mabel Bassett Correctional Center |
| ADDRESS: Highway 101 North Soledad, CA 93960 | ADDRESS: 29501 Kickapoo Road McLoud, OK 74851 |

| 1. INMATE/PAROLEE REQUESTING TO CORRESPOND: Larry A. Sermeno | 2. INMATE/ PAROLEE UNDER YOUR JURISDICTION: Amber Hilberling |
|---|---|
| CDC NUMBER: AW2420 | CURRENT STATUS: ☑ INMATE ☐ PAROLEE | CDC NUMBER: ODOC # 672250 | CURRENT STATUS: ☑ INMATE ☐ PAROLEE |

| KNOWN GANG AFFILIATION(S): None | KNOWN GANG AFFILIATION(S): None known |
|---|---|
| MISCELLANEOUS INFORMATION/COMMENTS: For Legal Matters Pursuant to Johnson v. Avery (1968) 393 U.S. 483 | MISCELLANEOUS INFORMATION/COMMENTS: For Legal Matters prs. to Johnson v. Avery (1968) 393 U.S. 483 |

| COUNSELOR/AGENT'S RECOMMENDATION: ☑ APPROVED ☐ DENIED for the following reason: No Reason to Deny | COUNSELOR/ AGENT'S RECOMMENDATION: ☐ APPROVED ☑ DENIED for the following reason: Immidiate family only |
|---|---|
| COUNSELOR/AGENT'S SIGNATURE: ▶ | DATE: 2/16/16 | COUNSELOR/AGENT'S SIGNATURE: ▶ | DATE: |
| COUNSELOR/AGENT'S NAME (TYPED OR PRINTED): S. Sundven | COUNSELOR/AGENT'S NAME (TYPED OR PRINTED): |

| SUPERVISING AUTHORITY'S DECISION: ☑ APPROVED ☐ DENIED for the following reason: | SUPERVISING AUTHORITY'S DECISION: ☐ APPROVED ☑ DENIED for the following reason: Immidiate family only. |
|---|---|
| SIGNATURE: ▶ | DATE: 2-25-16 | SIGNATURE: ▶ | DATE: 3-8-16 |
| TITLE: Capt/A | TITLE: Deputy Warden |

| INSTRUCTIONS: If request is denied, note reason and notify inmate/parolee #1. If request is approved by requesting facility, retain pending copy and forward request to inmate parolee #2's supervising authority. | INSTRUCTIONS: Receiving facility to retain last two copies (1 for inmate/parolee, 1 for inmate/parolee's file and return to requesting facility.

DISTRIBUTION: (After processing):

Original  - Inmates/Parolee #1's File
Copy  - Inmates/Parolee #1
Copy  - Inmates/Parolee #2's File
Copy  - Inmates/Parolee #2
Copy  - Retained by requesting facility until process completed. |

To: Clerk of the Court
U.S. District Court
Northern District of California
450 Golden Gate Ave, Box 36060
San Francisco, CA 94102-3483

Re: Civil Rights Complaints

Subject: Originals and Copies

Dear Clerk:

Please find four original complaints and two copies for each, with the exception of "Larry A. Sermeno v. Oklahoma Department of Corrections." There is one copy included for that only, because the law library clerk made a mistake as to the copies for that. For service on all defendants, to save the Court's time and resources, I would like to have the all of the defendants served by publication pursuant to Cal. Code of Civil Proc. § 415.50. As I am a prisoner, it's the most expeditious manner. Your assistance with this matter is greatly appreciated.

1

Respectfully,

Dated: 10/2/16

Larry A. Sermeno

2